UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:17-cr-0002-SEB-VTW-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSEPH FRENCH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-cr-00002-SEB-VTW |
| JOSEPH FRENCH, | ) ) -01 |
| Defendant. | ) ) |

**Order Denying Defendant's Motion for Compassionate Release**

Pending before the Court is Joseph French's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) of the First Step Act of 2018. Dkt. 57. Mr. French seeks immediate release and the reduction of his sentence to time served. For the reasons stated below, the motion is **denied**.

**I.
Background**

Mr. French is 62 years old. On July 19, 2017, this Court sentenced him to 100 months of imprisonment for distributing child pornography. Dkt 50. The Bureau of Prisons ("BOP") lists his anticipated release date (with good-credit time included) as October 5, 2024. He is currently incarcerated at the Federal Correctional Institution in Lisbon, Ohio ("FCI Elkton"). As of February 11, 2021, the BOP reports that zero inmates and 30 staff members at FCI Elkton are currently suffering from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2021).

On July 21, 2021, Mr. French filed a pro se motion for sentence reduction. Dkt. 57. Counsel was appointed and filed a brief in support on November 10, 2020. Dkt. 62. The United States responded, dkt. 64, and counsel replied, dkts. 65. Mr. French's motion is thus ripe for decision.

## II.
## Discussion

Mr. French seeks a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 269.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>> or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

4

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. French argues that the Court should order his immediate release because his medical conditions place him at high risk for severe illness from COVID-19 and therefore amount to extraordinary and compelling reasons for release. In addition, he argues that he is not a danger to the

5

community and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. The Government opposes the motion, arguing that Mr. French has not shown that his health conditions are an extraordinary and compelling reason for release and that the 18 U.S.C. § 3553(a) factors do not favor release. The Government concedes that Mr. French has exhausted his administrative remedies. Dkt. 64 at 16.

### A. Extraordinary and Compelling Reasons

Mr. French does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting a sentence reduction. Thus, the question is whether the Court should exercise its discretion to find extraordinary and compelling reasons warranting a sentence reduction in this case. Mr. French argues that his hypertension combined with his age – 62 years old – create extraordinary and compelling reasons warranting compassionate release. The United States argues that these factors are not sufficient to support compassionate release.

The CDC (Centers for Disease Control and Prevention) has recognized that hypertension might increase the risk of experiencing severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 11, 2011). Likewise, the CDC reports that the risk of severe COVID-19 symptoms increases with age, with 8 out of 10 COVID-19 deaths in the United States having occurred in adults 65 years and older. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Feb. 11, 2011). But hypertension is incredibly common in older adults. Indeed, the CDC reports that 63.1% of adults aged 60 and older have hypertension. Thus, the Court is not entirely convinced that Mr. French's age combines with his hypertension to establish an extraordinary and compelling reason warranting a sentence reduction.

But even if the Court were to find that Mr. French has shown extraordinary and compelling reasons, that conclusion does not, however, end the analysis because the statute also directs the Court to consider the sentencing factors in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Court has done so and concludes that Mr. French's motion for sentence reduction must be denied.

### B. Section 3553(a) Factors

The Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. French compassionate release.

The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. French's motion.

#### 1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant

First, the Court recognizes that Mr. French's age and medical conditions may increase his risk of experiencing severe symptoms if he contracts COVID-19. The Court also recognizes that

FCI Elkton experienced a severe outbreak of COVID-19. Currently, though, the BOP seems to be experiencing success in controlling COVID-19 cases among the inmate population. In addition, the BOP has actively started administering COVID-19 vaccines to staff members and inmates at FCI Elkton. *See* https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2021) (reporting that 175 staff members and 21 inmates at FCI Elkton have been fully inoculated against COVID-19). Nonetheless, the Court recognizes that inmates like Mr. French are limited in their ability to protect themselves against the virus. In short, the Court is aware of the risks the COVID-19 pandemic poses to Mr. French and has considered them in its analysis of the § 3553(a) factors.

The Court also recognizes that Mr. French has no other prior criminal convictions and maintained stable employment prior to his conviction in this case. The Court also commends Mr. French for maintaining clear conduct while incarcerated and pursuing classes and other opportunities at rehabilitation.

Nonetheless, Mr. French's crimes were very serious, involving the distribution of child pornography through a social networking app. The images involved showed child abuse and pornography including children from toddler to pre-pubescent ages. Dkt. 47 ¶ 20, 26. There were at least 600 images, some of which involved prepubescent minors and portrayed sadistic and/or masochistic conduct. *Id.* ¶ 28.

### 2. Need for the Sentence Imposed

Second, Mr. French has not completed sex offender treatment. His continued incarceration offers him the opportunity to obtain that treatment he clearly still needs. Thus, his continued incarceration would "provide the defendant with needed . . . other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D).

### 3. Need to Avoid Sentencing Disparities

Finally, at sentencing, the Court adopted the guidelines calculations in the PSR, which included an enhancement for prepubescent minors, distribution of child pornography, computer use, more than 600 images, and child pornography featuring sadistic or masochistic abuse. Dkt. 43, ¶¶ 28-45. At an offense level of 34, and a criminal history category I, Mr. French's advisory guidelines range was 151 to 188 months. *Id.* ¶ 85. The Court sentenced French to 100 months, 51 months below this range. He has served only approximately 40% of his sentence. Thus, to release Mr. French now would amount to a substantial additional downward variance and create a greater sentencing disparity.

Given its consideration of the applicable § 3553(a) factors, the Court concludes that the risk to Mr. French from the COVID-19 pandemic is not enough to tip the scale in favor of release. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III.
### CONCLUSION

For the reasons stated above, Mr. French's Motion for Compassionate Release, dkt. [57], is **denied**.

**IT IS SO ORDERED.**

Date: __2/12/2021__

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel